**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JESUS BALTIERRA ROCHA,
Petitioner,
v.
CHRISTOPHER LAROSE,
Respondent.

Case No. 26-cv-05084-BAS-SBC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Jesus Baltierra Rocha filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, requesting immediate release from immigration custody under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). (ECF No. 1.) The Government opposes. (ECF No. 8.) For the reasons stated below, the Court **DENIES** the Petition.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or

she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner was ordered removed to Mexico on July 21, 2008, and was physically removed that same day. (ECF No. 8.) The Department of Homeland Security ("DHS") arrested Petitioner again on January 20, 2026. (ECF No. 1.) At that time, Petitioner claimed a reasonable fear if returned to Mexico. He was, therefore, placed in "withholding only" proceedings. (*Id.* Ex. 4.)

An Immigration Judge denied Petitioner's claim for relief on June 29, 2026. (*Id.* Ex. 5.) Petitioner has appealed this ruling to the Board of Immigration Appeals ("BIA"). Petitioner now requests release while this appeal is pending.

## III. ANALYSIS

As a preliminary matter, Petitioner is subject to a final order of removal effective June 29, 2026. Therefore, he is subject to mandatory detention under 8 U.S.C. § 1231. Petitioner argues he should be released pursuant to *Zadvydas*. (ECF No. 1.)

In *Zadvydas*, the Supreme Court ruled that a six-month period to effectuate removal is presumptively reasonable. 533 U.S. at 701. However, "[a]fter this six-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* In addition, "[t]his six-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, the alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, it has been just over three months since Petitioner was denied relief on June 29, 2026. He makes no effort to rebut the presumption that his detention to effectuate removal is presumptively reasonable. Because the Court cannot find, at this point, that there

is no significant likelihood of removal to Mexico in the reasonably foreseeable future, the Court denies the Petition.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Petition (ECF No. 1). The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: October 8, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**